## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

4221 MONACO STREET, L.L.L.P., a Colorado limited liability limited partnership,

          Plaintiff,

    v.

CHASKEL FRANKL, an individual,

          Defendant.

## <u>COMPLAINT</u>

Plaintiff 4221 Monaco Street, L.L.L.P. ("4221 Monaco"), by undersigned counsel, for its complaint against defendant Chaskel Frankl ("Frankl") (4221 Monaco and Frankl each, individually, a "Party" and, together, the "Parties"), alleges as follows:

### <u>NATURE OF THE ACTION</u>

1.    In April 2022, 4221 Monaco engaged Ten-X, LLC ("Ten-X"), an online commercial real estate auctioneering platform, to market and sell property located at 4221 Monaco Street, Denver, Colorado 80216-6605 (the "Property"). In June 2022, Ten-X and 4221 Monaco auctioned the Property.

2.    Shortly before the auction ended, Frankl sought Ten-X's approval as a bidder. Through a due diligence process, Ten-X approved Frankl. On June 22, 2022, Frankl bid on and won the Property for $18,000,000.

3.      Following the auction, on June 23, 2022, Frankl and 4221 Monaco executed the Property purchase agreement (the "Purchase Agreement").  **Exhibit 1**, Purchase Agreement.  The Purchase Agreement required Frankl to make a $1,000,000 earnest money deposit (defined herein and in the Purchase Agreement as the "Earnest Money Deposit").  Frankl breached the Purchase Agreement by failing to make the Earnest Money Deposit.  As such, Frankl owes 4221 Monaco $1,000,000 in liquidated damages, plus attorneys' fees and costs.  4221 Monaco seeks those sums, here.

## THE PARTIES

4.      4221 Monaco is a limited liability limited partnership organized under the laws of Colorado.

5.      Three individuals comprise 4221 Monaco's partnership:

a.      Bruce A. Kelley is a Colorado citizen residing at 98 Glenmoor Lane, Englewood, Colorado;

b.      Kathryn L. Huwaldt is a Colorado citizen residing at 4385 Brentwood Street, Wheat Ridge, Colorado; and

c.      Barbara J. Kelley is a Colorado citizen residing at 42 South Grape Street, Denver, Colorado.

6.      Frankl is an individual and citizen of New York.  He can be served at 4203 13th Avenue, Brooklyn, New York 11219.

## JURISDICTION AND VENUE

7.      Pursuant to 28 U.S.C. § 1332, this Court may exercise diversity subject matter jurisdiction over this action because 4221 Monaco's partners are each citizens of a state different than Frankl, and the amount in controversy is in excess of $75,000.

8.      This Court may exercise personal jurisdiction over Frankl because the Purchase Agreement states, "[t]he state and federal courts located in the county in which the Property is located shall be proper forums for any legal controversy between the parties arising in connection with this Agreement, which courts shall be the exclusive forums for all such suits, actions or proceedings." **Ex. 1**, § 13(I).  The Property is in Denver County, Colorado.  The Parties consented to personal jurisdiction in Section 13(I) because they agreed that Denver County, Colorado would be the "exclusive" forum.  *Id.*; *see also* 28 U.S.C. § 85.

9.      Pursuant to C.R.S. § 13-1-124(1)(a), the Court may also exercise personal jurisdiction over Frankl because he purposefully availed himself of Colorado law when he transacted business in Colorado by sending multiple, online bids into Colorado to purchase Colorado real estate; entered into an agreement related to the purchase of Colorado real estate; and entered into an agreement that specifies Colorado as the exclusive forum.  **Ex. 1**.

10.     Further, the Court may exercise personal jurisdiction over Frankl because his tortious conduct directed into Colorado violated the implied covenant of good faith and fair dealing with respect to a Colorado transaction.  *See* C.R.S. § 13-1-124(1)(b).

11.     Venue is proper in this Court because the Parties agreed all "suits, actions or proceedings" would be in state or federal court in Denver County, Colorado, exclusive of other fora.  **Ex. 1**, § 13(I).

## **FACTUAL ALLEGATIONS**

12.      In Spring 2022, 4221 Monaco began planning the sale of the Property.

13.      On April 26, 2022, 4221 Monaco engaged Ten-X to advertise, market, promote, and auction the Property at one or more of its auction events.  *See* **Ex. 2**, Ten-X Marketing Agreement.

14.      4221 Monaco and Ten-X agreed to auction the Property from June 20, 2022 to June 22, 2022 at 1 p.m. MDT (the "Auction Period").

15.      When the auction began on June 20, 2022, Ten-X opened the bidding for the Property at approximately $8,000,000.

16.      Typically, bid activity during an auction period is low until the final moments of the auction.  This was the case for 4221 Monaco's auction.

17.      In the final thirty minutes of the Auction Period, approximately six Ten-X-approved bidders were monitoring the property.  Frankel was among these bidders.

18.      Ten-X advised 4221 Monaco that Frankl was late to the bidding process, but Ten-X verified Frankl's funds and qualified him as a participant.

19.      In the Auction Period's final minutes, Frankl bid on and won the Property for $18,000,000.  Ten-X acknowledged Frankl as the winning bidder.  *See* **Ex. 1**, p. 1.

20.      After the auction, on June 23, 2022, Frankl and 4221 Monaco executed the Purchase Agreement.  *Id.*

21.      The Purchase Agreement states:

Buyer must deposit the Earnest Money Deposit with Closing Agent on or before 5:00 PM in the time zone where the Property is located on the first business day after Seller countersigns this Agreement.

**Ex. 1**, § 2.

22.    The Purchase Agreement set the amount of the Earnest Money Deposit at $1,000,000. *Id.* at § 1(D).

23.    Frankl did not make any Earnest Money Deposit with the Closing Agent. Therefore, Frankl breached the Purchase Agreement.

24.    The Purchase Agreement provides 4221 Monaco damages for Frankl's breach:

If Buyer fails to timely deposit the Earnest Money Deposit, then Seller may immediately terminate this Agreement by written notice to Buyer. . . . If Buyer is the breaching party, then the following shall apply:

**BUYER AND SELLER AGREE THAT IT WOULD BE EXTREMELY DIFFICULT TO DETERMINE SELLER'S ACTUAL DAMAGES RESULTING FROM A BREACH BY BUYER. IN THE EVENT OF A BREACH BY BUYER, SELLER SHALL BE ENTITLED TO AN AMOUNT EQUAL TO THE EARNEST MONEY DEPOSIT AS LIQUIDATED DAMAGES AND AS SELLER'S EXCLUSIVE REMEDY. BUYER AGREES THAT SUCH AMOUNT IS A REASONABLE PRE-ESTIMATE OF SELLER'S ACTUAL DAMAGES FOR BREACH OF THIS AGREEMENT AND IS NOT A PENALTY. IF CLOSING AGENT IS IN POSSESSION OF THE EARNEST MONEY DEPOSIT, THEN CLOSING AGENT SHALL DELIVER THE EARNEST MONEY DEPOSIT TO SELLER. DESPITE THE FOREGOING, IF APPLICABLE LAW LIMITS THE AMOUNT OF THE LIQUIDATED DAMAGES PAYABLE TO SELLER UPON A BREACH BY BUYER, SELLER SHALL ONLY BE ENTITLED TO THE AMOUNT PERMITTED BY LAW, AND ANY EXCESS SHALL BE PROMPTLY RETURNED TO BUYER.**

**SELLER'S INITIALS _____/_____          BUYER'S INITIALS _____/_____**

**Ex. 2**, § 8(A). The Parties executed this provision explicitly.

25.    Pursuant to section 8(A), and following Frankl's failure to make the Earnest Money Deposit, Ten-X and 4221 Monaco sent Frankl a "NOTICE TO WINNING BUYER OF BREACH AND TERMINATION" ("Notice of Breach"). **Ex. 3**.

26.    The Notice of Breach expressly reserved any and all remedies available to Ten-X and 4221 Monaco under the Purchase Agreement. *Id.* at § 3.

27.    Frankl never responded to the Notice of Breach.

28.    The Purchase Agreement provides, "[i]n any action, proceeding or arbitration arising out of this Agreement, the prevailing party (defined as the party who prevails as to a

substantial part of the litigation or claim) shall be entitled to reasonable attorneys' fees and costs." *Id.* at § 13(J).

29.    4221 Monaco seeks the entire amount of its liquidated damages ($1,000,000), additional damages as a jury may determine, and all attorneys' fees and costs incurred now and in the future.

## COUNT I – Breach of the Purchase Agreement

30.    4221 Monaco incorporates the foregoing allegations as if fully alleged herein.

31.    The Purchase Agreement is a valid contract between Frankl and 4221 Monaco.

32.    The Purchase Agreement is supported by adequate consideration including, among other things, 4221 Monaco's forbearance from marketing the Property; 4221 Monaco's reliance on Frankl's performance in making the Earnest Money Deposit; and Frankl's opportunity to purchase the Property, to the exclusion of all other buyers.

33.    4221 Monaco did not breach the Purchase Agreement.

34.    4221 Monaco and Ten-X provided Frankl notice of his breach and of termination. **Ex. 3**.

35.    Frankl breached the Purchase Agreement by, among other things, failing to make the Earnest Money Deposit with the Closing Agent.

36.    Therefore, the Purchase Agreement provides 4221 Monaco the right to terminate and liquidated damages in the amount of the Earnest Money Deposit ($1,000,000). Ex. 2, § 8(A).

37.    As the prevailing party in a dispute arising under the Purchase Agreement, 4221 Monaco can recover attorneys' fees and costs. *Id.* at § 13(J).

38.     As a result of Frankl's breach of the Purchase Agreement, Monaco is entitled $1,000,000 in liquidated damages, plus its attorneys' fees and costs.

WHEREFORE, 4221 Monaco requests the Court enter judgment against Frankl in the amount of $1,000,000, representing liquidated damages, and award 4221 Monaco its attorneys' fees, costs, and such other relief as the Court may deem just, equitable, and proper.

## COUNT II – Promissory Estoppel against Frankl

39.     4221 Monaco incorporates the foregoing allegations as if fully alleged herein.

40.     Frankl made clear, definite, and unambiguous promises to 4221 Monaco that included making the $1,000,000 Earnest Money Deposit with the Closing Agent.

41.     As the winning bidder in the auction, Frankl should reasonably have expected his promises to cause 4221 Monaco to plan on Frankl buying the Property, to the exclusion of all other buyers.

42.     Before the Notice of Termination, 4221 Monaco did not entertain any other offers to buy the Property because of its reliance on Frankl's promises.

43.     4221 Monaco expected to have the legal protection of the $1,000,000 Earnest Money Deposit based on Frankl's promise to deposit the same with the Closing Agent.

44.     Frankl's failure to follow through with his promises resulted in injury as alleged herein.

45.     Justice requires that the Court enforce Frankl's promises to 4221 Monaco and award it damages.

WHEREFORE, 4221 Monaco requests the Court enter judgment against Frankl in an amount in excess of $75,000, including attorneys' fees, costs, and such other relief as the Court may deem just, equitable, and proper.

### COUNT III – In the Alternative to Counts I and II, Unjust Enrichment

46.     4221 Monaco incorporates the foregoing allegations as if fully alleged herein.

47.     4221 Monaco, in good faith, performed all its obligations in connection with the Property sale to Frankl.  For example, 4221 Monaco, in good faith, promised to sell the Property exclusively to Frankl.

48.     Frankl accepted the opportunity to buy the Property.

49.     The Parties understood that a part of the purchase process included a deposit of $1,000,000 in earnest money.

50.     Frankl did not complete the Earnest Money Deposit.

51.     Therefore, 4221 Monaco is entitled to the value of the Earnest Money Deposit, plus its attorneys' fees and costs.

WHEREFORE, 4221 Monaco requests the Court enter judgment against Frankl in an amount in excess of $75,000, including attorneys' fees, costs, and such other relief as the Court may deem just, equitable, and proper.

### COUNT IV – Breach of the Duty of Good Faith and Fair Dealing

52.     4221 Monaco incorporates the foregoing allegations as if fully alleged herein.

53.     In Colorado, every contract contains an implied duty of good faith and fair dealing.

54.     As alleged herein, the Parties have existing obligations under the Purchase Agreement.

55.     As alleged herein, and at all times, 4221 Monaco fully performed under the Purchase Agreement.

56.     Frankl unfairly interfered with 4221 Monaco's right to the benefits of the Purchase Agreement in the following ways:

        a.     Not complying with the express contract terms, as alleged herein;

        b.     Withholding the Earnest Money Deposit from the Closing Agent;

        c.     Failing to communicate or cooperate with 4221 Monaco or Ten-X; and

        d.     Causing, by way of 4221 Monaco's detrimental reliance, 4221 Monaco to withhold the Property from the commercial real estate selling market.

57.     As a result of Frankl's breach of the implied duty of good faith and fair dealing, 4221 Monaco suffered damages in an amount to be determined at trial.

WHEREFORE, 4221 Monaco requests the Court enter judgment against Frankl in an amount in excess of $75,000, including attorneys' fees, costs, and such other relief as the Court may deem just, equitable, and proper.

## PRAYER FOR RELIEF

WHEREFORE, 4221 Monaco respectfully requests that the Court enter judgment against Frankl, as follows:

A.     Granting all relief requested in this complaint to the extent permitted under the Purchase Agreement and Colorado law; and

B.     For such other and further relief as the Court may deem just, equitable, and proper under the facts alleged herein.

Dated:  July 22, 2022

Respectfully submitted,

BAKER & HOSTETLER LLP

By:    */s/ Laurin D. Quiat*
       Laurin D. Quiat
       lquiat@bakerlaw.com
       Colby M. Everett
       ceverett@bakerlaw.com
       1801 California Street
       Suite 4400
       Denver, CO  80202-2662
       Telephone:303.861.0600
       Facsimile:  303.861.7805

*Attorneys for Plaintiff 4221 Monaco Street, L.L.L.P.*